UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES DUNN

VERSUS

XENCOM FACILITY MANAGEMENT, LLC,
ET AL

CIVIL ACTION

NUMBER 13-469-JJB-SCR

**ORDER TO AMEND NOTICE OF REMOVAL**

Defendants Xencom Facility Management, LLC and Mall of Louisiana, LLC removed this personal injury case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship.[1] Although he alleged in his petition that he his domicile in Florida, in the Notice of Removal the defendants alleged the plaintiff resides in Louisiana. As to their own citizenship, the defendants identified the states where they were organized and have their principal place of business.[2]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[3] Under § 1332(c)(1) a

---

[1] Defendants alleged that in his Petition for Damages the plaintiff erroneously identified GCP-Mall of Louisiana Holding, LLC, as the owner of the Mall of Louisiana. Record document number 1, Notice of Removal, p. 1.

[2] *Id.*

[3] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at
(continued...)

corporation is deemed to be a citizen of every state in which it is incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company or partnership is determined by considering the citizenship of all its members.[4]  The state where a limited liability company or partnership is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332.  Thus, to properly allege the citizenship of a limited liability company or partnership, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[5]

Defendants have not adequately alleged their citizenship.  Defendants failed to identify their members, who or which may be individuals, corporations, other limited liability companies, or some other form of entity, and they failed to properly allege the

---

[3](...continued)
1662); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[5] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership.  *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are); *Mullins*, *supra*.

citizenship of each member in accordance with § 1332(a) and (c). The failure to properly identify and allege the citizenship of the defendants' members makes it impossible for the court to determine whether there is complete diversity.

Therefore;

IT IS ORDERED that the removing defendants Xencom Facility Management, LLC and Mall of Louisiana, LLC shall have 14 days to file an Amended Notice of Removal which correctly alleges their citizenship in accordance with 28 U.S.C. § 1332(a) and (c) and *Harvey v. Grey Wolf Drilling Co.*

**Failure to comply with this order will result in the case being remanded without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, July 19, 2013.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE